IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANKLIN IGHEKPE, Petitioner, | § § § § |
| VS. | § § § |
| ALBERTO R. GONZALES, Attorney General of the United States, ET AL. | § § § § § § |
| Respondents. | § |

NO. 3-05-CV-0479-P

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Franklin Ighekpe, appearing *pro se*, seeks a writ of mandamus and a declaratory judgment to compel respondents to adjudicate and approve his I-130 application to establish marital relationship and I-485 application for adjustment of status. For the reasons stated herein, such relief should be denied.

I.

Petitioner, a native and citizen of Nigeria, was admitted to the United States in 1999 as a visitor. (Resp. App., Exh. A at 229). Thereafter, petitioner was charged with multiple violations of federal immigration law, including: (1) overstaying his visa; (2) obtaining employment without proper authorization of the INS; (3) falsely representing himself to be a United States citizen for purposes of employment; and (4) using a fraudulent social security card to obtain employment. (*Id.* Exh. A at 231). A removal hearing was held on September 18, 2003 before an immigration judge in Dallas, Texas. At that hearing, petitioner sought an adjustment of status based on his pending I-

130 and I-485 applications.[1]  The immigration judge found that petitioner was removable because, *inter alia*, he overstayed his visa.  The judge further determined that petitioner was inadmissible to the United States as a lawful permanent resident, and therefore not eligible for an adjustment of status, because he made a false claim of citizenship to obtain employment.  (*Id.*, Exh. A at 227). Petitioner timely appealed that decision to the Board of Immigration Appeals ("BIA").  The BIA affirmed.  *In re Ighekpe*, No. A95-212-485 (BIA Feb. 19, 2004), *mot. for rec. denied* (BIA Jun. 8, 2004).  Petitioner then filed a petition for review in the Fifth Circuit Court of Appeals.  In his sole ground for relief, petitioner argued that the immigration judge erred in finding that he was inadmissible to the United States.  The court denied the petition, holding that "[t]he IJ's factual finding on this issue, which finding was based on a credibility determination, is supported by substantial evidence and will be upheld."  *Iphekpe v. Gonzales*, 123 Fed.Appx. 616, 2005 WL 407222 at *1 (5th Cir. Feb. 21, 2005).

Petitioner now seeks mandamus and declaratory relief in the form of an order requiring respondents to adjudicate and approve and I-130 and I-485 applications.  The issues have been fully briefed by the parties and this case is ripe for determination.

## II.

The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt."  *Giddings v. Chandler*, 979 F.2d

---

[1] Petitioner sought a change in status from alien to permanent resident based on his purported marriage to a United States citizen.  In order to effect this change in status, petitioner must file an I-485 Application to Register Permanent Residence or Adjust Status and his wife must file an I-130 Petition for Alien Relative to establish the marital relationship.  *See Alhadji v. Ashcroft*, 69 Fed.Appx. 658, 2003 WL 21355972 at *1 (5th Cir. May 22, 2003).

1104, 1108 (5th Cir. 1992); *see also Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998). To obtain a writ of mandamus in the instant case, petitioner must establish: (1) that he has a clear right to have his I-130 and I-485 applications adjudicated and approved; (2) that respondents have a nondiscretionary duty to rule on the applications; and (3) that he has no other adequate remedy. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy); *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (5th Cir. 1997) (duty must be for specific, ministerial act, devoid of discretion).

Here, petitioner cannot establish a "clear right" to have his I-130 and I-485 applications adjudicated and approved. First, the evidence strongly suggests that no such applications are pending before the Bureau of Citizenship and Immigration Services ("CIS").[2] Although petitioner apparently mailed these documents to the CIS Texas Service Center in June 2001, they were returned to him with instructions to file the applications at his local district office. (Pet. App., Exh. B at 283). Petitioner's immigration file does not contain an I-130 or I-485 application. Nor does the CIS computer system show that such applications have been filed on behalf of petitioner. (*Id.*, Exh. C). For this reason alone, petitioner is not entitled to mandamus or declaratory relief.

Moreover, both the BIA and the Fifth Circuit have determined that petitioner is not eligible for an adjustment of status. Section 212(a) of the Immigration and Nationality Act ("INA") provides, in pertinent part:

---

[2] Effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist and its functions were transferred to three agencies within the newly-created Department of Homeland Security. *See generally*, HOMELAND SECURITY ACT, Pub.L.No. 107-296, 116 Stat. 2135 (2002). The function of adjudicating I-130 and I-485 applications was transferred to the Bureau of Citizenship and Immigration Services ("CIS").

> Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to be admitted to the United States.
>
> * * * *
>
> Any alien who, by fraud or willingly misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible.

8 U.S.C. § 1182(a)(6)(C)(i). Only aliens eligible to receive an immigrant visa and admissible to the United States for permanent residence may obtain an adjustment of status. *See id.* § 1255(a). The immigration judge determined that petitioner was inadmissible to the United States as a permanent resident because he made a false statement of citizenship on an I-9 form for the purpose of obtaining employment. That finding, which was upheld on appeal, effectively disqualifies petitioner from the relief he seeks. To the extent petitioner attempts to challenge that finding by way of mandamus, he is collaterally estopped from doing so. *See Malm v. Ashcroft*, 2004 WL 964278 at *5 (D.Md. May 4, 2004) (collateral estoppel bars alien from challenging removal order in section 2241 proceeding where issues were fully litigated on direct review before court of appeals).

## RECOMMENDATION

Petitioner's application for writ of mandamus and declaratory relief should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 16, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE